# City Court.

*General  Term—November,* 1883.

## JAMES E. HELLER ET AL., PLAINTIFFS AND APPEL-LANTS, *against* FREDERICK HERBST ET AL., DEFENDANTS AND RESPONDENTS.

Where goods contracted to be sold are expected to arrive by a vessel designated, the rule is that if they arrive they are sold to the person contracting to buy.  If they do not arrive the contract is at an end.  But where the persons contracting to sell knew that the goods were not on board of the vessel, the plaintiffs in an action of deceit may recover whatever damages they have sustained.  The reasons stated.

On the conclusion of the plaintiffs' case the trial judge dismissed the complaint upon the ground that the contract set out in the pleadings was not a sale, but an agreement to sell certain "bat guano," on its arrival at this port, on board of the brig "Arabella;" that the contract was conditional upon the arrival of the guano, and that it terminated on the arrival of the vessel without the guano.  This ruling was in accordance with the law laid down in Shields *v.* Pettie (4 *N. Y.* 122).

The plaintiffs appeal.

*Lewis Johnston,* for appellant.

*J. N. Lewis,* for respondent.

McADAM, J.—If the action had been brought on the executory agreement to sell, the rule in Shields *v* Pettie (*supra*), would have been applicable, and the

Heller v. Herbst.

disposition of the case made by the trial judge would have been sustained.   But the action is for deceit, and a different rule applies.   The complaint charges " that the defendants well knew at the time of said sale, that the cargo of said brig was not bat guano, but a valueless and unmarketable mixture of common earth and stones, and that the same was sold by them to the plaintiffs, with full knowledge, on the part of said defendants, of the fact that said cargo was not bat guano, and that by their concealing the facts as to its true condition from the plaintiffs, and not otherwise, the aforesaid sale to the plaintiffs thereof was made by said defendants."

According to this complaint a fraud was practiced upon the plaintiffs, in consequence of which they alleged that they were damaged to the amount of five hundred dollars.   Fraud accompanied by damage furnishes a good cause of action, and this rule, under the pleadings, applies to this case.   The theory of the law which underlies the case of Shields v. Pettie (*supra*), and kindred causes, is that the goods contracted to be sold are expected to arrive by the vessel designated. If they arrive they are sold to the person contracting to buy.   If they do not arrive the contract is at an end (Boyd v. Siffkin, 2 *Camp.* 328).   But in the present case the plaintiff charges that the defendants knew that the guano contracted to be sold was not on board of the vessel designated, and that they could not therefore have expected the arrival thereof, because such arrival, under the circumstances, was impossible.

In Hawes v. Humble (2 *Camp.* 327, note), it appears that this question came before the king's bench, and that the judges unanimously agreed that such a contract was conditional upon the arrival of the goods, but decided " that if there had been any fraud on the part of the defendant, the plaintiff's remedy was an

---

Brass & Copper Co. *v.* Conner.

---

action of deceit." Such is the nature of the present action, and we think it is well brought.

Upon the trial, the plaintiffs offered to prove the fraud charged in the complaint. The conversations had previous to making the contract were ruled out upon the ground that they were incompetent, and this in the face of an offer by the plaintiffs to prove in connection with them the averment of the complaint as to the scienter of the defendants. Treating the action as one for deceit, we think this testimony was admissible. Where fraud is the gravamen of the action, great latitude must be allowed in the admission of testimony.

For the errors aforesaid the judgment must be reversed and a new trial ordered, with costs to abide the event.

HAWES, J., concurs.